UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA

versus

CRIMINAL NO. 16-8-SDD-EWD

RANDY TIBBITS BROWN

**RULING**

This matter is before the Court on the Motion to Dismiss[1] Movant's Motion under 28 U.S.C. 2255 to Vacate, Set Aside, or Correct Sentence[2] filed by the United States ("the Government"). Defendant, Randy Tibbits Brown ("Defendant" or "Brown") failed to directly respond or oppose the Government's motion, but he did file a subsequent Motion to Vacate.[3] Because Defendant's Section 2255 Motions are untimely, the Government's Motion to Dismiss will be granted.

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

In June 2016, Brown and thirteen (13) co-defendants were charged in a 29-count superseding indictment.[4] In July 2016, Brown pled guilty pursuant to a plea agreement to Count 1, Methamphetamine Conspiracy in violation of 21 U.S.C. § 846, and Count 8, Possession of Firearms in Furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c).[5] In exchange, the Government moved to dismiss Count 25, Unlawful

---

[1] Rec. Doc. 626.
[2] Rec. Doc. 622.
[3] Rec. Doc. 627.
[4] Rec. Doc. 187.
[5] Rec. Docs. 245, 246.

Use of Communications Facilities, in violation of 21 U.S.C. § 843(b), and agreed not to file an information under 21 U.S.C. § 851, relating to enhanced penalties for prior convictions.[6] Under the terms of the plea agreement, Brown expressly waived the right to appeal his conviction and sentence and to challenge his conviction and sentence in any post-conviction proceeding under, *inter alia*, 28 U.S.C. § 2255, with a few exceptions not present here.[7]

The Presentence Investigation Report ("PSR") reflected a total offense level of 33 and a significant criminal history category of V.[8] Brown's advisory guidelines range was 210–262 months on Count 1, followed by 60 months on Count 8.[9] In February 2017, Brown was sentenced to a total term of imprisonment of 180 months, consisting of the statutory minimum sentences of 120 months as to Count 1 and a consecutive 60 months as to Count 8.[10] He was also sentenced to concurrent five-year terms of supervised release as to each count.[11] He is currently serving his sentence at USP Tucson.[12]

Brown first filed an Application or Leave to File Second or Successive Petition Under 28 U.S.C. § 2254 or Motion Under 28 U.S.C. § 2255;[13] however, it is clear from the record that this motion is Brown's first motion seeking relief under Section 2255. Rather than substantively oppose Brown's Section 2255 Motion, the Government filed its own Motion to Dismiss[14] Brown's Motion as time-barred, which is appropriate under the

---

[6] Rec. Doc. 246, p. 2. Filing of an information could have increased Brown's minimum statutory penalty on Count 1 from 10 to 20 years. Rec. Doc. 351, p. 24, ¶ 104.
[7] Rec. Doc. 246, pp. 14-15.
[8] Rec. Doc. 351, p. 14, ¶ 64; pp. 14-20; and p. 18, ¶ 75.
[9] *Id.* at p. 24, ¶ 102.
[10] Rec. Doc. 406.
[11] *Id.*
[12] See https://www.bop.gov/inmateloc// (last visited January 8, 2025).
[13] Rec. Doc. 622.
[14] Rec. Doc. 626.

Rules Governing Section 2255 Cases, Rule 4(b).[15] Ostensibly in response to the Government's Motion, Brown subsequently filed a second Motion to Vacate under 28 U.S.C. § 2255.[16] The crux of Brown's argument[17] for relief is that his conviction under 18 U.S.C. § 924(c) is unconstitutional following the Supreme Court's decisions in *United States v. Davis*[18] and *Deal v. United States*.[19] However, the Court need not consider the substance of Brown's motions as they are both significantly untimely.

II.     **TIMELINESS OF SECTION 2255 MOTION**

A motion made under 28 U.S.C. § 2255 is subject to a one-year statute of limitations and "shall run from . . . the date on which the judgment of conviction becomes final."[20] In this case, the Judgment was entered on February 16, 2017, and Brown did not file an appeal.[21] "When a defendant does not file a direct appeal, his conviction becomes final on the day when the time for filing a direct appeal expires."[22] Thus, Brown's judgment became final on March 2, 2017, 14 days after it was entered. Assuming Brown was entitled to file a § 2255 motion challenging this Judgment, he had one year, or until March 2, 2018, to file this motion under § 2255(f)(1). Brown's Motions were filed more than six years later.[23]

---

[15] A motion to dismiss is an appropriate manner of responding to a Section 2255 Motion. *See, e.g.*, Brian R. Means, *Postconviction Remedies* § 16:1 (Aug. 2024 update); *Gonzalez v. United States*, 07-CV-143, 2008 WL 2465284 at *1 (S.D. Tex. 2008); *see also Leachman v. Gonzalez*, 19-CV-2943, 2020 WL 6152537 at *2, n. 3 (S.D. Tex. 2020), *certificate of appealability denied*, 21-20499, 2022 WL 1487022 (5th Cir. 2022) (28 U.S.C. § 2254 petition).
[16] Rec. Doc. 627.
[17] Rec. Doc. 622, p. 4.
[18] 588 U.S. 445 (2019).
[19] 508 U.S. 129 (1993).
[20] 28 U.S.C. § 2255(f)(1); *United States v. Plascencia*, 537 F.3d 385, 388 (5th Cir. 2008).
[21] Rec. Doc. 406.
[22] *United States v. Scruggs*, 691 F.3d 660, 669 (5th Cir. 2012)(citing *United States v. Plascencia*, 537 F.3d 385, 388 (5th Cir. 2008)); Fed. R. App. P. 4(b)(1)(A)(i) ("In a criminal case, a defendant's notice of appeal must be filed in the district court within 14 days after . . . the entry of either the judgment or the order being appealed[.]").
[23] Rec. Doc. 622, p. 5.

The Fifth Circuit has maintained that, since the one-year statute of limitations of 28 U.S.C. § 2255 is not jurisdictional, it is subject to equitable tolling.[24] However, equitable tolling should only be granted in "rare and exceptional circumstances."[25] "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."[26] Prevention in this case requires a causal relationship between the extraordinary circumstances and the failure to timely file.[27]

In the section of the form motion requiring Brown to "explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar [his] motion[,]" Brown responds:[28]

> motion.*  Because, very respectfully the defendant-appellant ("Brown"), pleaded guilty on February 16, 2017. And the date on which the right Asserted was initially recongnized by The Supreme Court and make Now Retroactively Applicable to case on Collateral Review. See United States v. Davis, and Dimaya by The Supreme Court but a that time that right has not been recognized by The Supreme Court.

The Fifth Circuit instructs that "a movant in a § 2255 proceeding has the burden of demonstrating that his filings are timely."[29] Brown cites the *Davis* and *Dimaya* decisions by the Supreme Court. However, *Davis* was decided in 2019, and *Sessions v. Dimaya* was decided in 2018.[30] The *Deal* case Brown cites in his original motion was decided in 1993. Even if these Supreme Court decisions applied to Brown's case, and they do not,[31] Brown clearly failed to file within one year of any newly recognized right. Moreover, Brown

---

[24] *United States v. Wynn*, 292 F.3d 226, 230 (5th Cir. 2002).
[25] *Turner v. Johnson*, 177 F.3d 390, 391-92 (5th Cir. 1999) (quoting *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998)).
[26] *United States v. Perkins*, 481 App'x 114, 117 (5th Cir. 2012) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010) (citation and internal quotation marks omitted)).
[27] *Id.* at 118.
[28] Rec. Doc. 627, p. 9.
[29] *United States v. Duran*, 934 F.3d 407, 413 (5th Cir. 2019).
[30] 584 U.S. 148 (2018).
[31] *See* Rec. Doc. 626-1, pp. 9-10.

failed to establish or even argue that he satisfied the elements required for equitable tolling to apply, notably that he has diligently pursued his rights, and some extraordinary circumstance stood in his way and prevented timely filing. There is absolutely no evidence to support the latter, and his five to six-year delay since the *Davis* decision was issued undermines the former. Accordingly, Brown's Section 2255 Motion is time-barred and must be dismissed. Accordingly, the Government's Motion to Dismiss shall be granted as Brown's Motions are untimely.

### III. CONCLUSION

For the foregoing reasons, the Government's Motion to Dismiss[32] is GRANTED. Brown's Motion under 28 U.S.C. 2255 to Vacate, Set Aside, or Correct Sentence[33] and Motion to Vacate[34] are DENIED and DISMISSED as untimely.

**IT IS SO ORDERED.**

Baton Rouge, Louisiana, this 21 day of October, 2025.

SHELLY D. DICK
CHIEF DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA

---

[32] Rec. Doc. 626.
[33] Rec. Doc. 622.
[34] Rec. Doc. 627.